**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

**CHRISTOPHER CASTILLO,**

**Plaintiff,**

**v.**

**SEARS, ROEBUCK & CO, and DOES 1 to 100, inclusive,**

**Defendants.**

**1:05-CV-00911 OWW SMS**

**ORDER GRANTING DEFENDANTS' MOTION TO DISQUALIFY PLAINTIFF'S COUNSEL (DOC. 26) AND SETTING FURTHER SCHEDULING CONFERENCE.**

## I. INTRODUCTION

Before the court for decision is Defendant Sears, Roebuck & Co.'s motion to disqualify Plaintiff's counsel, Parnell Kirby, from further participation in this state law race discrimination in employment case, removed by Defendant from the Superior Court for the County of Tulare. (*See* Doc. 1.) Defendant asserts that, in her previous employment as an associate with the law firm of Jackson Lewis LLP, Ms. Kirby was listed as the attorney of record for Sears in eighteen employment-related matter, some as recently as 2001. Sears argues that this "direct and substantial representation of Defendant while at another law firm mandates her disqualification under California rules of Professional conduct, specifically rule 3-310(E), and the applicable case and statutory authority." (Doc. 26 at 1.) Plaintiff objects,

essentially arguing that Sears is (1) engaging in gamesmanship to "leverage settlement and apply undue pressure on Plaintiff while pre-trial and trial deadlines approach" and (2) that Sears' delay decision to proceed with the settlement conference after raising the objection effectively waived the objection. (*See* Doc. 31, Opp'n, filed Sept. 18, 2006.)

After oral argument, the parties were permitted to submit supplemental declarations. Ms. Kirby was given leave to file a declaration providing additional information about the eighteen cases on which she was listed as counsel of record for Sears. Defendant was permitted an opportunity to file a responsive declaration. Upon further review of the record, Ms. Kirby declined to file a supplemental declaration, instead directing the district court's attention to a paragraph in her original opposition brief that explained which of the eighteen cases she believed were workers' compensation cases, rather than employment discrimination cases. (Doc. 41.) Defendant filed a supplemental declaration from Sears' in house counsel, providing some additional detail as to the nature of some of the eighteen cases and providing other related information. (Doc. 42.) Plaintiff objects to the court considering Defendant's supplemental declaration. (Doc. 43.)

## II. BACKGROUND/ PROCEDURAL HISTORY

In June 2004, Plaintiff's counsel, Parnell Kirby, left her former employment with Jackson Lewis LLP, where she represented management in employment matters. (Kirby Decl. at ¶2.) Ms. Kirby opened up her own law practice, focusing on the

representation of employees in employment discrimination cases. Her new practice did not include representation of matters involving workers' compensation. (*Id.* at ¶3.)

In April 13, 2005, Ms. Kirby wrote a six page letter to Sears on behalf of Plaintiff, Christopher Castillo, raising various race discrimination allegations. (*Id.* at ¶4.)

On June 10, 2005, having received no response to the letter, Plaintiff filed a civil action in Tulare County Superior Court against Sears alleging (1) race discrimination in violation of the Fair Employment and Housing act, (2) wrongful termination, (3) race discrimination in violation of California's Business & Professions Code §§ 1700 et seq.; (4) failure to provide personnel file; (5) intentional infliction of emotional distress; and (6) negligent infliction of emotional distress. Ms. Kirby's state bar number appeared on the title page of the complaint.

On June 29, Defendant's in house counsel, Malory Burns responded to Ms. Kirby's letter, stating that Sears had conducted an investigation and found Plaintiff's claims to be without merit. (Kirby Decl. at ¶6 & Ex. A).

On July 14, 2005, Defendant removed the case on the basis of diversity jurisdiction. (Doc. 1.)

On October 17, 2005, Defendant's counsel, Todd Boyer, contacted Ms. Kirby and requested that Plaintiff make a settlement demand. (Kirby Decl. at ¶8.) Both counsel discussed initial disclosures and deposition scheduling. (*Id.*) On November 2, 2005, the parties filed a Joint Scheduling Conference Report. (Doc. 4.)

On April 27, 2006, Plaintiff served a document request and

interrogatories on Defendant. (Kirby Decl. at ¶10.) Plaintiff noticed the depositions of several witnesses on April 28, 2006, setting deposition dates for May 25, 2006 and June 2, 2006. (*Id.* at ¶11).

On June 2, 2006, Mr. Boyer discovered that Ms. Kirby had been counsel of record for Sears in two prior United States District Court cases, *Hamilton v. Sears, Roebuck and Co.*, 97-cv-4893 (ABC) and *Todd v. Sears, Roebuck and Co.*, 97-cv-4375 (TJH), while Ms. Kirby was an attorney for the law firm of Jackson Lewis LLP. (Boyer Decl. at ¶3.) At the time of those cases, Ms. Kirby was practicing under the name Parnell G. Fox (California Bar No. 186519). (*Id.*) According to Ms. Burns, Sears retained Jackson Lewis for its employment related litigation. (Burns Decl. at ¶5.) For the relevant time period, April 1997 through March 2005, Jackson Lewis was not retained by Sears to handle workers compensation cases. These were handled by Sears' workers' compensation carrier. (Burns Suppl. Decl. at ¶4.) However, Jackson Lewis did handle cases brought under California Labor Code Section 132(a), which prohibits discrimination (i.e., retaliation) against employees who are injured during the course of employment or who testify before the workers compensation appeals board. (*Id.* at ¶5.)

On June 6, 2005, Defendant's counsel, Mr. Boyer, sent Ms. Kirby a letter explaining that Defendant had discovered that she had worked on employment cases for Sears and requesting that she voluntarily withdraw from representation due to the conflict of interest. (Boyer Decl. at ¶4 & Exh. A.) On June 9, 2006, Ms. Kirby responded that she vaguely recalled working on the Sears

cases named, but only as a first year attorney and denied any real involvement besides "boilerplate" pleadings and discovery. (Boyer Decl. at ¶ 5 & Exh. B.) Ms. Burns, however, recalls working directly with Ms. Kirby on several employment related cases and recalls discussions pertaining to settlement and defense strategies. (Burns Decl. ¶ 4.)

On June 12, 2006, Mr. Boyer informed Ms. Kirby that Sears would not waive the conflict. The letter pointed out that Jackson Lewis named Ms. Kirby as one of the attorneys who would work on Sears matters in a 2002 proposal. (Boyer Decl. at ¶6 & Exh. C.) Defense counsel also noted that he would stipulate to extending all deadlines to allow substitute counsel sufficient time to become familiar with the case. (*Id.* at ¶7.)

Meanwhile, in mid and late June 2006, Defendant refused to respond to Plaintiff's discovery on the ground that a potential conflict existed. However, Defendant continued its discovery efforts by serving deposition subpoenas on Plaintiff's healthcare providers. (Kirby Decl. at ¶14 & Ex. G & H; ¶15 & Ex. I.)

In late June 2006, Plaintiff's counsel apparently agreed to voluntarily withdraw pending the Court's approval of a stipulation which would have continued the case management dates, including the trial date, for a period of 90 days. (*Id.* at ¶ 8.) However, the request to continue the case management dates was denied because Plaintiff had not been sufficiently notified. (Doc. 14.) Plaintiff's counsel was directed to file appropriate declarations and proofs of service. (Doc. 15.) The parties resubmitted revised stipulations to continue the case management dates on July 7, 2006. (Docs. 16 and 17). On July 21, 2006, the

district court approved the stipulation to extend time for taking depositions. (Doc. 19.) However, on July 31, 2006, the district court issued a minute order stating: "The Court will not approve the stipulated application to postpone pretrial and trial dates. If new counsel should appear for the plaintiff, that counsel may then submit a request for a continuance." (Doc. 20.)

Meanwhile, on July 6, 2006 Defendant made a settlement offer. (Kirby Decl. at ¶16.) On July 27, 2006, Plaintiff responded with a counter-offer. (*Id.* at ¶18.) Defendant countered again, offering a settlement range that was not accepted by Plaintiff. (*Id.*)

On or about July 31, 2006, Ms. Kirby again informed Mr. Boyer that she would voluntarily withdraw from the case due to the conflict of interest. (Boyer Decl at ¶9.) Nevertheless on August 2, 2006, Plaintiff's counsel requested that the parties go forward with a Mandatory Settlement Conference set for August 9, 2006. (*Id.* at ¶ 10 & Exh. D.) Another round of offers was made in on August 2, to no avail, but, according to Kirby, both sides agreed that further settlement negotiations would be prudent. (Kirby Decl. at ¶21 & Ex. K.)

However, on August 3, 2006 Mr. Boyer again notified Ms. Kirby that Sears demanded that she withdraw from the case. (*Id.* at ¶ 11 & Exh. E.) Mr. Boyer also objected to proceeding with the mandatory settlement conference, in part because he thought "attendance at the Mandatory Settlement Conference appears to be an exercise in futility given Plaintiff's high demand to settle this matter." (*Id.* at ¶22 & x. L.)

Mr. Boyer informed the court of Sears' objections, and

Magistrate Judge Snyder set a conference call with the parties on August 4, 2006. (Boyer Decl. at ¶ 12.) During the conference call, Plaintiff's counsel stated that she refused to voluntarily withdraw her representation of Plaintiff. (*Id.* ¶13.) According to Defense counsel, Ms. Kirby stated in that call that she only worked on "a few Sears cases nearly ten years ago." (*Id.* at ¶13.) Mr. Boyer indicated that he would file a motion to recuse Ms. Kirby from the case. (Kirby Decl at ¶23.) The mandatory settlement conference was vacated. (Doc. 22.)

On August 9, 2006, Defendant deposed Plaintiff, with Ms. Kirby Present. (Kirby Decl. at ¶24.)

On August 10, 2006, Mr. Boyer provided Ms. Kirby with a list of the following eighteen cases in which she was listed as the attorney of record for Sears:

1. Edgar Fields v. Sears – closing date: 12/02/98
2. David Smith v. Sears– closing date: 04/10/98
3. Kenneth Hamilton v. Sears – closing date: 02/17/99
4. Denise Sturgis v. Sears – closing date: 09/08/98
5. Pablo Gay v. Sears – closing date: 11/24/98
6. Bryan Hill v. Sears – closing date: 09/21/99
7. Gloria Yrineo v. Sears – closing date: 10/25/99
8. Charlotte Utley v. Sears – closing date: 07/15/99
9. Godfrey Young v. Sears – closing date: 12/21/00
10. Michelle Lacroix v. Sears – closing date: 10/01/01
11. Guy Gomez v. Sears – closing date: 04/10/98
12. Christopher Todd v. Sears – closing date: 07/27/00
13. Angela Anderson v. Sears – closing date: 04/05/01
14. Tracy Bommarito v. Sears – closing date: 04/09/01

15. Ceprina Gutierrez v. Sears - closing date:04/03/01

16. Evelyn Reuben v. Sears - closing date: 07/24/00

17. Antonio Marquez v. Sears - closing date: 01/26/01

18. Ariana Martinez v. Sears

(Burns Decl. ¶8.)

In addition, Ms. Burns recalls direct and personal contact between herself and Ms. Kirby in Ms. Kirby's representation and defense of Sears during the time period of 2000 to 2001. (*Id.* at ¶9.) Attached to Sears' recusal motion are billing records from Jackson Lewis for the Sears cases handled by Ms. Kirby. (Boyer Decl. at ¶17 & Exh. H.) After revealing the list of eighteen cases to Ms. Kirby, Mr. Boyer again demanded that Plaintiff voluntarily withdraw her representation of Plaintiff. (*Id.* at ¶16 & Exh. G.)

Plaintiff's counsel recalls that some of the eighteen listed cases (Yrineo, Anderson, Bommarito, Gutierrez, Reuben, and Marquez) "may have been workers' compensation matters and thus would not be substantially related to the instant FEHA-based civil action." (Kirby Decl. at ¶28.) But, Ms. Burns states in her supplemental declaration that the Marquez case was a sexual orientation discrimination claim, while the others were "employment discrimination" cases brought under California Labor Code Section 132(a).

//

//

//

//

//

## III. DISCUSSION

### A. Evidentiary Objections.

Plaintiff raises various objections to evidence submitted by Defendant. First, Plaintiff objects to portions of Ms. Burns' initial declaration. (Doc. 33.) Specifically, Plaintiff objects to Paragraph 6, which states:

> Once Ms. Kirby's previous representation of Sears Roebuck and Co. became known, given the fact that she handled and was involved in discussions pertaining to settlement and defense strategies involving employment litigation, Sears refused to waive the conflict of interest.

(Doc. 28 at ¶6.) Plaintiff asserts that this paragraph contains legal conclusions. To the extent that any of this language could be read as suggesting whether there existed a conflict of interest mandating involuntary withdrawal, the objection is sustained. Otherwise, this paragraph is admissible for its factual value, as it expresses Sears' unwillingness to consent to Ms. Kirby's representation of Plaintiff in this case.

Next, Plaintiff objects to paragraphs 8 and 9 of the first Burns declaration. Paragraph 8 states "I requested from Jackson Lewis a list of cases on which Ms. Kirby was listed as the attorney of record for Sears, Roebuck and Co. during her employment with that law firm. I was provided the following list of case names and closing dates on which Ms. Kirby worked: [listing the 18 cases]." (Doc. 28 at ¶8.) Paragraph 9 states: "I recall having direct and personal contact with Ms. Kirby in her representation and defense of Sears during the period from 2000 until 2001." (*Id.* at ¶9.) Plaintiff objects to these paragraphs as "conclusory; lacks probative value; insufficient

factual statement." (*See* Doc. 33.) Plaintiff specifically objects to the list of 18 cases provided in paragraph 8, asserting that no background documentation is provided. But, Ms. Burns makes the declaration based upon her personal knowledge. The appropriate mechanism for challenging the factual basis for her assertions is to file a counter declaration, which Ms. Kirby has declined to do. Similarly, there is nothing objectionable about the content of paragraph 9. Neither of these passages are conclusory in nature. They are based on Ms. Burns' personal knowledge and are relevant to the inquiry. These objections are overruled.

Finally, Plaintiff objects to Defendant's filing of the supplemental declaration of Ms. Burns. Plaintiff insists that the court only gave Defendant leave to file a declaration in opposition to Plaintiff's own supplemental declaration. Because Ms. Kirby declined to file such a supplement, Plaintiff asserts that Defendant's supplement should not be considered. But, Plaintiff is interpreting the grant of leave to supplement far too narrowly. At oral argument and in his papers, Plaintiff challenged the accuracy of Ms. Burns' initial declaration, objecting that it did not adequately demonstrate a "substantial relationship" between Ms. Kirby's prior work and the current case. Ms. Kirby specifically argued that some of the cases listed were workers compensation cases. Both parties were given leave to supplement the record in order to resolve this factual dispute. Although the district court did refer to Defendant's filing as an "opposition" when granting leave, this was merely a label of convenience. The district court has an obligation to

reach a reasoned conclusion in response to Defendant's motion. To the extent that Defendant's supplemental declaration may aid this endeavor, it will be considered.

Plaintiff also specifically objects to paragraph 5 of Burns' supplemental declaration, arguing that it contains "insufficient and conclusory statements." In particular, Plaintiff argues:

> Defendant claims the listed cases were not workers' compensation cases. However, Defendant does not provide the case numbers, venues, asserted claims or any specific, probative information to determine wether these cases were, in fact, venued before the Workers' Compensation Appeals Board. Since Defendant is in a superior position to provide this case information and chose not to, the Court should presume Defendant is withholding specific, probative information which is against Defendant's interest, and on that basis, find against Defendant.

(Doc. 43 at 1-2.) Plaintiff is essentially asserting that Ms. Burns is not being truthful as to the factual assertions made in her supplemental declaration. Ms. Burns is a member of the bar of Illinois and has signed her declaration under penalty of perjury. She is under an obligation to tell the truth and there is nothing in the record to suggest she has not done so. There are various legitimate reasons why Defendant would not have appended further documentation from these cases to the Burns declaration. The lack of supporting documentation may go to the weight of the supplemental Burns declaration, but not to its admissibility.

Finally, Plaintiff objects to the "format" of the declaration in that "Ms. Burns fails to properly declare that she is submitting her declaration under the laws of the United States of America. Therefore her declaration should be disregarded." Unsworn declarations under penalty of perjury are authorized by

28 U.S.C. § 1746 and are to be in the following form: "If executed within the United States, its territories, possessions, or commonwealths: 'I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date). (Signature)'." The oath was sufficient. *See Fultz v. B.A. Mullican Lumber & Mfg. Co.*, 197 F. Supp. 2d 523, 524 (W.D. Va. 2002).

**B. <u>Disqualification Motion</u>.**

Disqualification based upon conflict of interest is governed by California Rules of Court Rule 3-310(E), which provides:

> A member shall not, without the informed written consent of the client or former client, accept employment adverse to the client or former client where, by reason of the representation of the client or former client, the member has obtained confidential information material to the employment.

A court has the power to disqualify counsel under this rule and to demand that counsel withdraw. *See In re Complex Asbestos Litig.*, 232 Cal. App. 3d 572, 600 (1991).

In cases where an attorney who previously represented a client attempts to represent interests adverse to that client in a subsequent case -- a so-called "subsequent representation" case -- California courts have held that disqualification is mandatory if a "substantial relationship" exists between the former and current representation. *See Flatt v. Superior Court*, 9 Cal. 4th 275, 283-84 (1994). "The purpose of the rule is to protect the confidential relationship which exists between attorney and client, a relationship which continues after the formal relationship ends. The fiduciary nature of that relationship

requires the application of strict standards." *Pound v. Demera*, 135 Cal. App. 4th 70, 78 (2005)(citations omitted).

In analyzing whether a substantial relationship exists, a Court should take a "pragmatic approach that asks whether confidential information material to the current dispute would normally have been imparted to the attorney by virtue of the nature of the former representation." *Huston v. Imperial Credit Commercial Mortg. Inv. Corp.*, 179 F. Supp. 2d 1157, 1173 (C.D. Cal. 2001) (quoting *H.F. Ahmanson & Co. v. Salomon Brothers, Inc.*, 229 Cal. App. 3d, 1445, 1454(1991))(internal quotations omitted). Whether the attorney actually received confidential information from the initial client is irrelevant; the critical inquiry is whether a substantial relationship exists between the prior and current representation. *Id.* The Ninth Circuit held in *Trone v. Smith*, 621 F.2d 994, 999 (9th Cir. 1980):

> ...it matters not whether confidences were in fact imparted to the lawyer by the client. The substantial relationship between the two representations is itself sufficient to disqualify.... The test does not require the former client to show that actual confidences were disclosed.... It is the possibility of the breach of confidence, not the fact of the breach, that triggers disqualification.

(emphasis added)(applying California law). Where there is a substantial relationship between the prior and current representation, it is "conclusively presume[d]" that the attorney possesses confidential information and disqualification is mandatory. *Henriksen v. Great Am. Savings & Loan*, 11 Cal. App.4th 109, 114 (1992).

In practice, when applying the substantial relationship

test, courts focus on the following factors: (1) the similarities between the two factual situations; (2) the legal questions posed; and (3) the nature and extent of the attorney's involvement with the cases. *Id.* Courts also consider: (a) the time spent by the attorney on the earlier cases; (b) the type of work performed; and (c) the attorney's possible exposure to formulation of policy or strategy. *Huston*, 179 F. Supp. at 1167.

Defendant argues that it is enough that Plaintiff's counsel is "representing a party in an action adverse to Sears in the same type of case in which she previously represented Sears, i.e., employment discrimination cases." In support of this proposition, Defendant cites *Brand v. 20th Century Insurance Co.*, 124 Cal. App. 4th 594, 607 (2004). The *Brand* court relied heavily on the analytical approach to prior representation cases set forth in *Jessen v. Hartford Casualty Insurance Co.*, 111 Cal. App. 4th 698 (2003). *Jessen* held that "the question whether an attorney should be disqualified in a successive representation case turns on two variables: (1) the relationship between the legal problem involved in the former representation and the legal problem involved in the current representation, and (2) the relationship between the attorney and the former client with respect to the legal problem involved in the former representation." *Id.* at 709. The second factor was given particular weight:

> If the relationship between the attorney and the former client is shown to have been direct-that is, where the lawyer was personally involved in providing legal advice and services to the former client-then it must be presumed that confidential information has passed to the attorney and there cannot be any delving into the specifics of the communications between the attorney

> and the former client in an effort to show that the attorney did or did not receive confidential information during the course of that relationship. As a result, disqualification will depend upon the strength of the similarities between the legal problem involved in the former representation and the legal problem involved in the current representation. This is so because a direct attorney-client relationship is inherently one during which confidential information would normally have been imparted to the attorney by virtue of the nature of that sort of] former representation, and therefore it will be conclusively presumed that the attorney acquired confidential information relevant to the current representation if it is congruent with the former representation.

*Id.* (emphasis added).

The *Jessen* court further held that

> [W]hen ruling upon a disqualification motion in a successive representation case, the trial court must first identify where the attorney's former representation placed the attorney with respect to the prior client. If the court determines that the placement was direct and personal, this facet...is settled as a matter of law in favor of disqualification and the only remaining question is whether there is a connection between the two successive representations, a study that may not include an inquiry into the actual state of the lawyer's knowledge acquired during the lawyer's representation of the former client....
>
> However, if the court determines the former attorney was not placed in a direct, personal relationship with the former client, the court must assess whether the attorney was positioned during the first representation so as to make it likely the attorney acquired confidential information relevant to the current representation, given the similarities or lack of similarities between the two.

*Id.* at 710-11.

The *Brand* court also relied upon a subsequent case, *Farris v. Fireman's Fund Insurance Co.*, 119 Cal. App. 4th 671, 676-77 (2004). In *Farris*, the court applied the principles articulated in *Jessen* to disqualify an attorney and his law firm from representing an insured in a bad faith/breach of insurance contract action against the insurer where the lawyer had

previously represented the insurer in coverage matters. During his prior representation of the insurer, the attorney participated in confidential communications with senior staff from the insurer and gave coverage and claims handling advice to the insurer, including settlement, litigation and claims strategies. *Id.* at 677. The *Farris* court emphasized that "the inquiry under *Jessen* focuses upon the general features of the matters involved and inferences as to the likelihood that confidences were imparted by the former client that could be used to adverse effect in the subsequent representation," concluding that the evidence of the attorney's "pervasive participation, and indeed his personal role in shaping, [the insurer's] practices and procedures" constituted a substantial relationship warranting mandatory disqualification. *Id.* at 688 (emphasis added).

Here, it appears to be undisputed that Ms. Kirby was listed as counsel of record for Sears on a number of cases. In addition, Sears' in-house counsel states that she worked directly with Ms. Kirby. This is the kind of "direct and personal" representation referenced in *Jessen*. 111 Cal. App. 4th at 709-11. As a result, "the only remaining question is whether there is a connection between the two successive representations, a study that may not include an inquiry into the actual state of the lawyer's knowledge acquired during the lawyer's representation of the former client...." *Id.* at 710-11. Here, the record indicates that Ms. Kirby worked on eighteen cases as counsel of record for Sears. A handful of these cases appear to have been "employment discrimination" claims brought under California Labor Code 132a, which necessarily involve claims of

discrimination against workers injured on the job or workers who testify in workers compensation hearings. Even assuming that these several cases bear absolutely no relation to the race discrimination claims brought here, it appears to be undisputed that at least two of the cases (Todd and Hamilton) involved claims of race discrimination. Ms. Kirby admits as much. In one declaration submitted to the district court, Ms. Kirby stated that "I could not recall the work I performed on [the Todd and Hamilton Federal Court cases] but did recall that the cases involved employment discrimination...and thus may have been sufficiently similar to the instant action." (Kirby Decl. Submitted in Support of Stipulated Ex Parte Application to Postpone Pre-Trial Dates, filed July 7, 2006 at ¶3.) Moreover, Ms. Burns, in her supplemental declaration, asserts that the Marquez case was a sexual orientation discrimination claim, the legal basis for which would be sufficiently similar to the instant action.

As was the case in *Jessen* and *Farris*, "general features of the matters involved" in at least these three cases were similar enough to those at issue in the present case to rase an "inference[] as to the likelihood that confidences were imparted by the former client that could be used to adverse effect in the subsequent representation." *Farris,* 119 Cal. App. 4th at 681.[1]

---

[1] From a practical perspective, it strains credulity to assert that Ms. Kirby, who was a junior attorney in a large firm handling individual employee cases, gained information about Sears at the policy-making level that would be of any consequence. However, this is not the relevant legal inquiry under *Jessen*, and *Farris*, and *Burns*.

Plaintiff asserts that Defendant's participation in settlement discussions and continued pursuit of discovery waived the protection afforded its confidences under Rule 310-E. Specifically, Plaintiff suggests that because the underlying purpose of the Rule is to protect a former client's confidences from being disclosed by the former attorney, any such potential disclosure would already have occurred. Plaintiff, however, provides no legal authority to support a waiver theory under the circumstances. In fact, as Defendant points out, the Rule's requirement of "written consent" suggests that it would be inappropriate for a court to imply waiver from conduct.

Plaintiff also suggests that Defendant is using the conflict of interest issue as a tool to put pressure on Plaintiff. Plaintiff points out that the conflict issue was first raised just a few weeks after Defendant received three deposition notices and one month before the discovery cut off date. Plaintiff also suggests that Sears was deliberately using the conflict issue to disrupt the progress of the case.

On the one hand, Defendant proceeded with settlement negotiations while the conflict issue was outstanding. When it was unable to settle the case for what it believed was an appropriate among, it renewed its disqualification motion with the implied hope of leaving the Plaintiff without an attorney or otherwise hindering Plaintiff's pursuit of this case. On the other hand, on several occasions, Defendant agreed to continue all of the case management deadlines in the case, including discovery deadlines, to allow sufficient time for Ms. Kirby to withdraw and for Plaintiff to obtain new counsel. Overall,

Defendant’s behavior does not suggest gamesmanship. Rather, as Ms. Kirby explained during oral argument, the parties had several “balls in the air” at once. They were compelled by the litigation schedule to proceed with certain steps while the conflict issue remained pending.

Finally, Plaintiff suggests that Defendant was not diligent in discovering the purported conflict. Specifically, Plaintiff notes that Defendant had Ms. Kirby’s bar number for over one year propr to raising the conflict issue in June of 2006. Plaintiff suggests that Defendant knew or should have known of her employment at Jackson Lewis. However, Plaintiff’s last name changed after she represented Sears. Defendant notes that, after Mr. Boyer discovered the first two cases in which Ms. Kirby participated as counsel for Sears, Ms. Kirby did not disclose that she had participated in additional cases as counsel for Sears. Instead, Mr. Boyer had to contact Jackson Lewis to retrieve copies of her billing records to discover the additional sixteen cases. Defendant also notes that, had Ms. Kirby not notified it of her intent to voluntarily withdraw on two occasions, Sears would have filed this motion to recuse earlier.

In the final analysis, Ms. Kirby worked on eighteen cases for Sears, one as recently as five years ago. It is undisputed that at least several of these cases rased claims similar in nature to those raised here. It is also undisputed that during her tenure as a junior associate with Jackson Lweis, Ms. Kirby discussed strategy and settlement with one of Sears’ in house attorneys who supervised outside counsel in these cases. This fits the letter of conflict prohibited by the California Rules of

Professional Responsibility. Absent a waiver, this mandates her disqualification.

## IV. CONCLUSION

For the reasons set forth above, Defendants' motion to disqualify is **GRANTED.** A further scheduling conference is set for **November 17, 2006, at 8:45 a.m. in Courtroom 3.**

IT IS SO ORDERED.

**Dated: October 11, 2006** **/s/ Oliver W. Wanger**
b2e55c UNITED STATES DISTRICT JUDGE